**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

DAVID LEWIS BENTON, SR.,       )
                                         )
                  Plaintiff,     )
                                         )
           vs.            )     Case No. 4:14-cv-20-TWP-WGH
                                         )
CLARK COUNTY JAIL, CLARK       )
COUNTY COMMISSIONERS OFFICE,  )
                                         )
               Defendants.   )
                                         )

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff David Lewis Benton brings this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants denied him necessary medical attention.

Mr. Benton has been granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915 requires the Court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. ' 1915(e)(2)(B)(i), (ii). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). A claim may be dismissed under this standard if it includes particulars that show the plaintiff cannot possibly be entitled to the relief he seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994).

In this instance, Mr. Benton alleges that he has brought the same claims that he brings in this case in a lawsuit in the Clark Circuit Court ("the state court action"). He was directed to provide the chronological case summary for the state court action and has done so. A review of the documents submitted reveals that in this action, Mr. Benton raises claims that were brought or could have been brought in the state court action. That action was dismissed on September 17, 2013, through an order granting summary judgment in favor of the defendant and against Mr. Benton.

The reassertion of the claims raised in the state court action in a new lawsuit is not permitted, because "[u]nder the federal common law of *res judicata*, a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir. 1999). In other words, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Based on the foregoing, the plaintiff shall have **through June 19, 2014**, in which to **show cause** why this action should not be dismissed as barred by the doctrine of *res judicata*.

**IT IS SO ORDERED.**

Date: _05/20/2014_

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

David Lewis Benton, Sr.
P.O. Box 983
Jeffersonville, IN 47131