UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DAVID LEWIS BENTON, SR., also known as Dahved Malik Lillacalenia, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:14-cv-20-TWP-WGH |
| CLARK COUNTY JAIL, and CLARK COUNTY COMMISSIONERS OFFICE, | ) ) ) | |
| Defendants. | ) | |

## ENTRY AND ORDER DIRECTING DISMISSAL OF ACTION

This matter is before the Court on Further Proceedings and Plaintiff's Reanswer to Court's Instruction of Explanation (Dkt. 10). Plaintiff, David Lewis Benton, Sr. ("Mr. Benton"), filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, the Clark County Jail and Clark County Commissioners Office, denied him necessary medical attention.

In his Complaint, Mr. Benton alleged that he has brought the same claims that he brings in this case in a lawsuit in the Clark Circuit Court ("the state court action"). He was directed to provide the chronological case summary for the state court action and has done so. A review of the documents submitted reveals that in this action, Mr. Benton raises claims that were brought or could have been brought in the state court action. That action was dismissed on September 17, 2013, through an order granting summary judgment in favor of the defendant and against Mr. Benton.

Under 28 U.S.C. §1738, federal courts are required to give state court judgments the same preclusive effect as would be given under the law of the state that rendered the judgment. *Migra v. Warren City School District*, 465 U.S. 75, 81 (1984); *Leal v. Krajewski*, 803 F.2d 332,

334 (7th Cir. 1986). This is also true of claims that could have been raised in the state court proceedings but were not. *Migra*, 465 U.S. at 83-84; *Leal*, 803 F.2d at 334. Claim preclusion applies when the following four factors are satisfied:

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011).

Mr. Benton was given a period of time in which to show cause why this action should not be dismissed as barred by the doctrine of *res judicata*. He has responded, but has not shown that this action should not be dismissed. In other words, the factors of claim preclusion are satisfied. First, there can be no doubt that the Clark Circuit Court had jurisdiction over the case. Next, judgment was rendered on the merits. The plaintiff has included a copy of the court's summary judgment ruling with his submission of April 10, 2014. In addition, the matters at issue here – the treatment the plaintiff received while confined at the Clark County Jail – were or could have been considered in the previous action. Finally, the previous action was between Mr. Benton and one of the Defendants here, the Clark County Jail. To the extent Mr. Benton asserts that the Clark County Commissioners Office was not a party to the previous action, this Defendant is a "privy" to the Clark County Jail because Mr. Benton is seeking redress from this Defendant based on treatment he received at the Jail.

For the foregoing reasons, the Complaint fails to state a claim upon which relief may be granted and the action must be **dismissed**. Any relief sought in Mr. Benton's Reanswer to Court's Instruction of Explanation (Dkt. 10) is **DENIED.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 07/10/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Lewis Benton, Sr.
P.O. Box 983
Jeffersonville, Indiana 47131